### NATIONAL PARK BANK OF NEW YORK *v.* GODDARD *et al.*

#### *In re* LILIANTHAL.

(*Supreme Court, General Term, First Department.* October 20, 1892.)

1. ATTACHING CREDITORS—RECEIVER—PARTIES—ORDER—MOTION TO MODIFY—APPEAL.
   In an action by an attaching creditor against certain plaintiffs in an action to replevy the attached property, for the appointment of a receiver, it appeared that one L., who claimed a lien by virtue of an attachment prior to plaintiff's, was not made a party to the action, and after the appointment of the receiver he made a motion to modify the order made therein so far as it directed the sheriff to deliver to the receiver the property held under his attachment. *Held*, that L. might appeal from an order denying such motion.

2. SAME—DEFENSE TO MOTION—IDENTITY OF PROPERTY.
   In such case it is no defense to the application to modify such order that there is no property in the receiver's hands which is not attached in the suit of plaintiff, unless it is made to appear that such property is different from that attached in the suit of L.

3. SAME—NOTICE OF MOTION.
   In such case defendants are entitled to notice of such motion to modify, since the receiver holds the property as much for them as for plaintiff.

Appeal from special term, New York county.

Action by the National Park Bank of New York against Warren N. Goddard and others for the appointment of a receiver. Joseph Lilianthal, an attaching creditor, not a party to the suit, moved to modify the order of appointment so far as it affected the property attached by him. From an order denying the motion, Lilianthal appeals. Affirmed.

For decision on appeal by defendants from the order appointing the receiver, see 16 N. Y. Supp. 343.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*Hays & Greenbaum,* (*D. P. Hays,* of counsel,) for appellant. *Burrill, Zabriskie & Burrill,* (*G. Zabriskie,* of counsel,) for receiver, respondent.

VAN BRUNT, P. J. On the 12th of May, 1891, the appellant commenced an action against Levy Bros. & Co., and obtained an attachment, which was levied on the same day on property of the defendants. The National Park Bank, the plaintiff in this action, obtained on the same day a warrant of attachment, which was levied by the sheriff upon the same property which he had attached in the appellant's suit. After the levy of the bank's attachment, the defendants in this action commenced actions in replevin against the sheriff, and issued requisitions to the coroner, etc., in which actions were claimed the same property attached by the sheriff. Such proceedings were had in this action that on the 23d of May, 1891, the respondent, Gray, was appointed receiver of all the property, things in action, and effects seized by the coroner under and by virtue of the several requisitions in replevin issued to him in favor of the defendants named in the title, and all property held by the sheriff under and by virtue of all warrants of attachment against Levy Bros. & Co., and the order expressly provided that the receiver take and hold the property subject to all liens, by attachment or otherwise, which exist in favor of any of the parties in whose favor attachments may have been issued, as well as all liens acquired by virtue of such requisitions in said replevin suits. The appellant is not a party to this action, and had no notice of the application for the appointment of a receiver. Upon learning of the appointment, he obtained an order requiring the said receiver and the plaintiff in this action to show cause why the order appointing said receiver should not be modified by striking out so much thereof as directed the sheriff to deliver over to said receiver the property held by him under said warrant of attachment. Upon hearing the counsel for the plaintiff and receiver, the court denied the motion, and from the order thereupon entered this appeal is taken.

It is urged upon the part of the respondent that the appellant, not being a party, has no right to appeal from the order. If this position is sound, then, the sheriff being in possession of property upon which A. has a lien, in a contest between B. and C. in respect to that property the court may dispose of its custody without A. having any opportunity whatever to inform the court of his rights,—a proposition the mere statement of which shows its fallacy. It is further urged that the order does not place in his custody any other property than that attached by the sheriff in favor of the plaintiff herein. That may be entirely true, because the sheriff may have attached, under the attachment issued in favor of the plaintiff herein, precisely the same property which he had already attached under the warrant issued in behalf of the appellant, which is probably the fact. The claim, therefore, that there is no property in the receiver's possession which is not attached in the suit of the plaintiff, would be no answer whatever to the application, unless it was made to appear that the property attached at the suit of the plaintiff was different and separate from that attached in the appellant's suit. But the difficulty with the appellant's case is that he has not notified the parties in interest on this application. The defendants are as much interested in the disposition of the property in the receiver's hands as the plaintiff. The receiver holds the property as much for the defendants as for the plaintiff; and therefore, when

the appellant desired to interfere with the receiver's custody of that property, he was bound to notify the parties in interest, viz., the defendants as well as the plaintiff and the receiver. The motion, therefore, should have been denied upon this ground. The order should therefore be affirmed, but, under the circumstances, without costs, and with leave to the appellant to renew his motion upon notice to all the parties in interest. All concur.